UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MARITZA Y. ARCHER,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS, LLC, and
LVNV FUNDING, LLC,

    Defendants.

_____/

# COMPLAINT
# JURY DEMAND

1.    Plaintiff alleges violation Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and because Dynamic sent a letter into this District.

## PARTIES

3.    Plaintiff, MARITZA Y. ARCHER, is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.    Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, ("Dynamic") is a limited liability company formed under the laws of the State of South Carolina with its

1

principal place of business at Suite 6, 135 Interstate Boulevard Greenville, South Carolina 29615.

5. Dynamic is a citizen of the State of South Carolina.

6. Dynamic is registered with the Florida Department of State, Division of Corporations as a foreign limited liability company. Its registered agent for service of process is NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324.

7. Dynamic is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. Dynamic regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Dynamic regularly collects or attempts to collect debts for other parties.

10. Dynamic is a "debt collector" as defined in the FDCPA.

11. Defendant, LVNV FUNDING, LLC, ("LVNV") is a limited liability company formed under the laws of the State of Delaware with its principal place of business at Suite 3, 625 Pilot Road, Las Vegas, Nevada 89119.

12. LVNV is a citizen of the State of Nevada.

13. LVNV is registered with the Florida Department of State, Division of Corporations as a foreign limited liability company. Its registered agent for service of process is Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida 32301.

14. LVNV is registered with the Florida Office of Financial Regulation as a consumer collection agency.

15. LVNV regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

16. LVNV is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

17. Many year ago, Plaintiff incurred a debt with Citibank (South Dakota) N. A. for a credit card Plaintiff used for her own personal, family and household purposes ("the alleged debt").

18. Plaintiff's agreement with Citibank (South Dakota) N. A. requires the payment of interest.

19. Plaintiff failed to pay alleged debt and it went into default.

20. LVNV subsequently acquired the alleged debt.

21. Thereafter, LVNV retained Dynamic for the purpose of collecting the alleged debt.

22. On or about April 11, 2017, Dynamic mailed a letter to Plaintiff regarding the alleged debt ("the letter"), attached as Exhibit "A".

23. Plaintiff received the letter shortly thereafter.

24. The letter was the first communication Plaintiff received from Dynamic regarding the alleged debt.

25. The letter contains disclosures required by 15 U.S.C. §1692g.

26. The disclosures contained in the letter are required only in an initial communication with a consumer regarding an alleged debt.

27. Because the letter contains disclosures required only in an initial communication and because it was the first letter Plaintiff received from Dynamic, Plaintiff alleges that the letter was the first communication Dynamic sent to Plaintiff regarding the alleged debt.

28. The letter states "Current Balance $1,946.39."

29. The letter is silent on the issue of interest.

30. The letter does not state whether LVNV will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

31. If the alleged debt is accruing interest, Defendant has failed to inform Plaintiff of this fact.

32. If the alleged debt is not accruing interest, Dynamic has still left the amount of the debt in doubt, because Dynamic does not say whether the $1,946.39 set forth will be accepted as full payment or not.

33. The Second Circuit has held:

> We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72 * (2d Cir. N.Y. Mar. 22, 2016)

34. One court in this district has agreed with the rationale of *Avila,* holding in a case based upon a similar letter:

> Based on the wording of the Collection Letters, if Plaintiff were to remit the "account balance" shown on the Letters, she would [*10] not know whether she had paid the debt in full. Thus, Plaintiff has adequately alleged a violation of § 1692e.

*Pimentel v. Nationwide Credit, Inc.*, 2017 U.S. Dist. LEXIS 188068 * (S.D. Fla. Nov. 9, 2017)

35. The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of least sophisticated consumer…" (internal quotations and citations omitted).

36. Dynamic deceptively and misleadingly stated the amount of the alleged debt.

37. LVNV is jointly liable to Plaintiff for Dynamic's violations of the FDCPA because it is also a debt collector. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

## COUNT I
## DECEPTIVE AND MISLEADING STATEMENT OF THE AMOUNT OF THE DEBT

38. Plaintiff incorporates Paragraphs 1 through 37.

39. Dynamic's letter deceptively and misleadingly states the amount of the alleged debt by failing to disclose either whether the balance may increase due to interest or whether LVNV will accept payment of the stated amount in full satisfaction of the debt if payment is made by a specified date, in violation of 15 U.S.C. §1692e.  *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016); *Pimentel v. Nationwide Credit, Inc.*, 2017 U.S. Dist. LEXIS 188068 * (S.D. Fla. Nov. 9, 2017)

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658